UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, and | ) | |
| GLENN EVANS, | ) | Jury Demand |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff JEFFREY OWENS is a resident of Skokie, Illinois.

5. Defendant GLENN EVANS, Star 443, is a duly appointed and sworn Chicago police officer. At all times relevant to this Complaint, GLENN EVANS was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. GLENN EVANS is sued in his individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of GLENN EVANS.

### Facts

8. On May 23, 2014, at or around 5:30 p.m., Owens left his office in Forest Park Illinois.

1

9. Owens went from his office to his friend William Thomas's house located at 3949 West Ohio Street in Chicago, Illinois.

10. Owens arrived at Thomas's house at or around 7:00 p.m.

11. Upon Owens' arrival, Thomas came outside and talked with Owens by Owens' car.

12. Having not seen each other in a while and enjoying their reunion, Owens and Thomas called another friend, Eric.

13. Eric explained that he had just left work and would also go to Thomas's house.

14. Owens, Thomas, and Eric relaxed outside and talked with each other on Thomas's front porch.

15. At or around 8:30 p.m., Owens, Thomas, and Eric, along with Thomas's two sons, left to eat dinner.

16. After arriving home from dinner, Owens, Thomas, and Eric resumed relaxing on Thomas's front porch.

17. At or around 9:30 p.m., an unmarked Chicago Police Department vehicle pulled up in front of Thomas's home.

18. There were two officers inside the police car.

19. One of the officers in the police car shined the car light on Owens, Thomas, and Eric.

20. After shining the light on them, the officers left Thomas's home and drove away.

21. Approximately ten to fifteen minutes later, several Chicago Police Department vehicles, marked and unmarked, descended on Thomas's home. One of the officers was Defendant EVANS.

22. EVANS then ordered everybody off Thomas's front porch.

23. Owens asked EVANS what was going on.

24. EVANS told Owens to shut-up.

25. Owens asked EVANS to calm down.

26. EVANS again ordered Owens to shut-up.

27. EVANS then ordered everyone to put their hands on the fence.

28. Owens again asked EVANS what was going on.

29. EVANS again told Owens to shut-up.

30. EVANS threatened Owens that if he did not shut-up, he would lock him up, intentionally make mistakes on his paperwork, and send him to Louisiana or Alabama.

31. Plaintiff was seized and not free to leave.

32. Defendant EVANS did not have reasonable suspicion or any other legal justification to seize Plaintiff.

33. EVANS ordered another officer to hand-cuff Owens.

34. Plaintiff was handcuffed.

35. Plaintiff was also searched.

36. No contraband or evidence of criminal activity was found.

37. Owens was put in the back of a Chicago Police Department squad car.

38. Owens sat in the back of the police car for ten to fifteen minutes.

39. While in the back of the squad car, Owens observed police officers search his yard and front porch using flashlights.

40. Then an officer entered the car that Owens was being held in.

41. The officer asked Owens his name.

42. Owens told the officer his name.

43. The officer also asked Owens his address.

44. Owens told the officer his address.

45. The officer then asked Owens why he was at Thomas's home.

46. Owens explained to the officer that he and Thomas were friends.

47. Owens sat in the back of the squad car for approximately another thirty minutes until a sergeant came to speak to him.

48. The sergeant told Owens they were giving him a drinking ticket and asked him to sign it.

49. Because Owens had not been drinking, Owens said he would not sign the drinking ticket.

50. The sergeant then ordered Owens to sign the ticket or he would go to jail.

51. Owens again said he would not sign the ticket.

52. At that point, the sergeant left Owens in the car for ten more minutes.

53. Then the sergeant told Owens he was free to go home.

54. Nobody at the Thomas home was arrested or ticketed.

55. The officers never provided an explanation of why they were at Thomas's home.

56. Defendant EVANS acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

57. As a direct and proximate result of the acts of the EVANS described above, Plaintiff suffered damages including loss of physical liberty, loss of time, physical pain and suffering, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

58. Plaintiff realleges paragraphs 1 through 57 as if fully set forth herein.

59. Defendant-Officer EVANS seized Plaintiff.

60. EVANS did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

61. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer EVANS,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

62. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

63. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

                                          Respectfully submitted,

                                          /s/ Lawrence V. Jackowiak
                                          *Counsel for the Plaintiff*

                                          /s/ Pasha Vaziri
                                          *Counsel for the Plaintiff*

Lawrence Jackowiak
Pasha Vaziri
Jackowiak Law Offices
111 West Washington Street
Suite 1500
Chicago, Illinois  60602
(312) 795-9595