UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 3561 |
| | ) | |
| vs. | ) | Judge Matthew F. Kennelly |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Maria Valdez |
| GLENN EVANS, | ) | |
| KENNETH KENDAL, | ) | |
| KEVIN HAWKINS, | ) | |
| MARC VANEK, | ) | |
| JOSE ALVAREZ, | ) | |
| MARIA RAMIREZ, | ) | |
| EDWARD SULLINS, | ) | |
| ADALBERTO RAMOS, | ) | |
| HECTOR FLORES, | ) | |
| OSCAR SERRANO, | ) | |
| MICHAEL REYES, | ) | |
| STEPHANIE FOX, | ) | |
| ADAM FITZGERALD, | ) | |
| CHRIS YOUNG, | ) | |
| LUIS CENTENO, | ) | |
| MATTHEW MCNICHOLAS, and | ) | |
| SEAN FLYNN. | ) | |
| | ) | |
| Defendants. | ) | |

## **FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff JEFFREY OWENS is a resident of Skokie, Illinois.

5. Defendants GLENN EVANS #443, KENNETH KENDAL #17762, KENNETH HAWKINS #13471, MARC VANEK #1426, JOSE ALVAREZ #13055, MARIA RAMIREZ #3446, EDWARD SULLINS #1205, ADALBERTO RAMOS #13420, HECTOR FLORES #13549, OSCAR SERRANO #2792, MICHAEL REYES #6496, STEPHANIE FOX #6527, ADAM FITZGERALD #7834, CHRIS YOUNG #10305, LUIS CENTENO #11203, MATTHEW MCNICHOLAS #13292, and SEAN FLYNN #15346 (hereinafter Defendant-

Officers) are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On May 23, 2014, at or around 5:30 p.m., Owens left his office in Forest Park Illinois.

9. Owens went from his office to his friend William Thomas's house located at 3949 West Ohio Street in Chicago, Illinois.

10. Owens arrived at Thomas's house at or around 7:00 p.m.

11. Upon Owens' arrival, Thomas came outside and talked with Owens by Owens' car.

12. Having not seen each other in a while and enjoying their reunion, Owens and Thomas called another friend, Eric.

13. Eric explained that he had just left work and would also go to Thomas's house.

14. Owens, Thomas, and Eric relaxed outside and talked with each other on Thomas's front porch.

15. At or around 8:30 p.m., Owens, Thomas, and Eric, along with Thomas's two sons, left to eat dinner.

16. After arriving home from dinner, Owens, Thomas, and Eric resumed relaxing on Thomas's front porch.

17. At or around 9:30 p.m., an unmarked Chicago Police Department vehicle pulled up in front of Thomas's home.

18. There were two officers inside the police car.

19. One of the officers in the police car shined the car light on Owens, Thomas, and Eric.

20. After shining the light on them, the officers left Thomas's home and drove away.

21. Approximately ten to fifteen minutes later, several Chicago Police Department vehicles, marked and unmarked, descended on Thomas's home.

22. Defendant Officers, or some of them, then ordered everybody off Thomas's front porch.

23. All of the people on the porch, including Plaintiff, were seized and not free to leave.

24. Defendant Officers, or some of them, ran Plaintiff's name, and also ran the names

of all the persons with Plaintiff.

25. Defendant Officers, or some of them, ran the license plates of the cars belonging to the people on the porch.

26. Defendant EVANS was the officer in charge.

27. Owens asked EVANS what was going on.

28. EVANS told Owens to shut-up.

29. Owens asked EVANS to calm down.

30. EVANS again ordered Owens to shut-up.

31. EVANS then ordered everyone to put their hands on the fence.

32. Owens again asked EVANS what was going on.

33. EVANS again told Owens to shut-up.

34. EVANS threatened Owens that if he did not shut-up, he would lock him up, intentionally make mistakes on his paperwork, and send him to Louisiana or Alabama.

35. EVANS ordered another officer to hand-cuff Owens.

36. Plaintiff was handcuffed.

37. Plaintiff was seized and not free to leave.

38. Defendant EVANS did not have reasonable suspicion or any other legal justification to seize Plaintiff.

39. Plaintiff was searched.

40. No contraband or evidence of criminal activity was found.

41. Owens was put in the back of a Chicago Police Department squad car.

42. Owens was detained in the back of the police car for about ten to fifteen minutes.

43. While in the back of the squad car, Owens observed police officers search the yard and front porch using flashlights.

44. Then an officer entered the car that Owens was being held in.

45. The officer asked Owens his name.

46. Owens told the officer his name.

47. The officer also asked Owens his address.

48. Owens told the officer his address.

49. The officer then asked Owens why he was at Thomas's home.

50. Owens explained to the officer that he and Thomas were friends.

51. Owens sat in the back of the squad car for approximately another thirty minutes until a sergeant came to speak to him.

52. Defendant Evans told Owens they were giving him a drinking ticket and asked him to sign it.

53. Because Owens had not been drinking, Owens said he would not sign the drinking ticket.

54. Defendant Evans then ordered Owens to sign the ticket or he would go to jail.

55. Owens again said he would not sign the ticket.

56. At that point, Defendant Evans left Owens in the car for about ten more minutes.

57. Then Defendant Evans told Owens he was free to go home.

58. The officers never provided an explanation of why they were at Thomas's home.

59. The Defendant Officers acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

60. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, loss of time, physical pain and suffering, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

61. Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

62. Defendant-Officers seized Plaintiff.

63. The Defendant Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

64. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Civil Conspiracy)

65. Plaintiff realleges paragraphs 1 through 60 as if fully set forth herein.

66. Defendants knowingly and intentionally schemed and worked together in the common plan to seize Plaintiff.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

67. The acts of the Defendant-Officers described in the above claims were willful and

wanton, and committed in the scope of employment.

68. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

        Respectfully submitted,

        /s/ Lawrence V. Jackowiak
        *Counsel for the Plaintiff*

        /s/ Pasha Vaziri
        *Counsel for the Plaintiff*

Lawrence Jackowiak
Pasha Vaziri
Jackowiak Law Offices
111 West Washington Street
Suite 1500
Chicago, Illinois 60602
(312) 795-9595